**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**


PRITKUMAR DASHRATHBHAI
CHAUDHARI,

               Petitioner,

v.                                       Action No.   2:26cv339

JEFFREY CRAWFORD, and

RUSSELL HOTT,
ICE Washington Field Office,

               Respondents.


**<u>FINAL ORDER</u>**

Petitioner Pritkumar Dashrathbhai Chaudhari ("Chaudhari"), a detainee of United States Immigration and Customs Enforcement ("ICE"), submitted a *pro se* petition pursuant to 28 U.S.C. § 2241 on April 8, 2026, while detained at the Farmville Detention Center in Farmville, Virginia. ECF No. 1.   Chaudhari alleges that he has been unlawfully detained without a bond hearing and seeks immediate release from ICE custody or a bond hearing.   *Id.* at 6–8.

Federal Respondent ("Respondent") argues that because Chaudhari was not legally granted entry into the country, he is "seeking admission," making 8 U.S.C. § 1225(b)(2) the appropriate statute to apply to his detention.   ECF No. 5, at 2–3.   For the reasons that follow, the Court will **GRANT the petition in part** and **ORDER** Respondent to hold a bond hearing to determine the lawfulness of Chaudhari's detention within seven days of this order.

## I.  BACKGROUND

Chaudhari initiated this proceeding on April 8, 2026.  ECF No. 1.  Chaudhari came to United States in 2016 when he was 14 years old and has lived here since that time.  *Id.* at 7.  He filed an asylum application that remains pending.  *Id.*  Chaudhari was taken into immigration custody in October 2025 and has been detained without a bond hearing.  *Id.* at 6–7.  He indicates he has "not been convicted of or arrested for any crime that requires [him] to be detained."  *Id.* at 6.

On April 28, 2026, Respondent filed a Notice indicating that the factual and legal issues presented in this petition do not differ in any material fashion from those presented in *Ceba Cinta v. Noem, et al.*, No. 1:25cv1818, 2025 WL 4053171 (E.D. Va. Oct. 29, 2025); *Duarte Escobar v. Perry*, No. 3:25cv758, 2025 WL 3006742 (E.D. Va. Oct. 27, 2025); and *Romero v. Crawford*, No. 3:25cv788, 2026 WL 94634 (E.D. Va. Jan. 13, 2026).  ECF No. 5.  Accordingly, the Court incorporates the filings from *Ceba Cinta* into this case.   Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process.   Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.  LEGAL STANDARD

A federal court may grant habeas relief only on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e]

2

the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.    ANALYSIS

As a threshold matter, this Court has jurisdiction to consider Chaudhari's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Chaudhari's detention.  *See Quispe v. Crawford*, No. 1:25cv1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025). With respect to the substance of his claim, Chaudhari argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2)(A), and requests that he be released or given a "fair bond hearing."  ECF No. 1, at 6, 8.

Respondent argues that Chaudhari's detention is lawful and constitutional under the Immigration and Nationality Act because Chaudhari is detained under 8 U.S.C. § 1225(b)(2)(A) and not 8 U.S.C. § 1226(a).  *Ceba Cinta*, No. 1:25cv1818, ECF No. 9, at 7–17.  Moreover, Respondent argues that because Chaudhari was not legally granted entry into the country, he is still "seeking admission," making section 1225(b)(2)(A) the appropriate statute to apply to his detention.  *Id.*; ECF No. 5, at 2–3 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)).

The parties' arguments are substantially similar to others made in recent habeas cases in this district.  *See Velasquez v. Noem*, No. 3:25cv998, 2026 WL 279226, at *4 n. 14 (E.D. Va. Feb. 3, 2026) (collecting 30 cases in this district rejecting Respondent's argument).  Here, as in those matters, the dispositive issue is reduced to whether Chaudhari's detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2)(A) or the discretionary detention

provisions in 8 U.S.C. § 1226(a).

Respondent's arguments have previously been rejected by numerous decisions both in this district and other district courts across the country and this case is not factually distinguishable such that it would require a different outcome. Chaudhari alleges—and Respondent does not expressly dispute—that he has been living in the United States since 2016 and does not have any criminal history. ECF No. 1, at 6–7. Consequently, this Court finds that Chaudhari's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not section 1225(b)(2)(A)'s mandatory detention procedures. *See Cunha v. Freden*, No. 25-3141-pr, 2026 WL 1146044, at *13 (2d Cir. Apr. 28, 2026); *Velasquez*, 2026 WL 279226, at *6–7.[1] As the Supreme Court stated in *Jennings v. Rodriguez*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018). As Chaudhari has been residing in the United States, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).

Having determined that Chaudhari's detention is governed by section 1226(a), the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, the Court concludes that for the same reasons the court found in *Cunha v. Freden*, 2026 WL 1146044, at *21–23, Chaudhari's continued detention under section 1226 without a bond hearing violates his due process rights. For the above reasons, Chaudhari's

---

[1] The Fifth Circuit and Eighth Circuit have accepted Respondents' arguments. *Buenrostro-Mendez*, 166 F.4th at 494; *Avila v. Bondi*, 170 F.4th 1128, 1135–36 (8th Cir. Mar. 25, 2026). These decisions are not binding on this Court and the Court is unpersuaded by the reasoning for the reasons explained in *Cunha*, 2026 WL 1146044, at *4–23, and Judge Douglas' dissent in *Buenrostro-Mendez*, 166 F. 4th at 508–21.

detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)(2)(A)'s mandatory detention procedures, and the Court finds that Chaudhari is entitled to a bond hearing before an immigration judge.

## IV.    CONCLUSION

For all of the reasons above, the petition, ECF No. 1, is **GRANTED in part**, and it is hereby **ORDERED** that:

- Chaudhari be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order;

- Respondent is **ENJOINED** from denying bond to Chaudhari on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

- In the event Chaudhari is released on bond by an Immigration Judge, Respondent is **ENJOINED** from rearresting Chaudhari, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Chaudhari is detained under section 1225(b)(2);

- Respondent shall file a status report on the status of Chaudhari's bond hearing within three days of the bond hearing.   The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial; and

- The portion of the order entered April 21, 2026, directing that Chaudhari is not to be removed from this district without this Court's permission is **VACATED**.

The Clerk is directed to forward a copy of this order to Chaudhari and counsel for Respondent.

_____
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
April 30, 2026

6